Railroad Co. v. Perkins.

doctrine laid down in Platt v. Railway Co., *supra*, that the party may sue a railroad company; not as stated in Atlantic & G. W. Ry. v. Robbins, *supra*, for the conversion of real estate had in taking the land in actual appropriation. He retains the title in fee and all the railroad company gets is an easement. He may sue for damages and the rule of damages is the value of the property taken and the injury done to the adjacent property precisely as upon an appropriation. That is established by Platt v. Railway Co., *supra*, and it follows the doctrine in the Goodwin v. Canal Co., 18 Ohio St., 169 [98 Am. Dec. 95], which decision was announced before the passage of the act that where a landowner stood by and allowed the land to be taken and a road built upon it, he could not contest the right of the company; all that remained was compensation, so the fact comes that he may have such a remedy at law. I say the statute of limitations commencing to run from that time shows the injury from then and damages must be assessed from that date of the injury and for any delay interest must be given.

For these reasons I cannot concur with the majority of the court.

---

## OPERATIVES.

[Franklin Circuit Court.

### In Re Operatives.

**Traveling Salesman not an Operative.**

    A traveling salesman is not an operative within Sec. 6355, Rev. Stat., creating preferences for wages due in cases of assignments for creditors.

Memorandum of decision.

A traveling salesman is not an operative within the meaning of Sec. 6355, Rev. Stat., following the decision on the same question of the circuit court of Hamilton county in Davis v. Greenlee, 7 Circ. Dec. 111 (13 R. 229).

---

## BUILDING AND LOAN ASSOCIATION—INTEREST.

[Hamilton Circuit Court, 1898.]

### East End Building Association v. McCaffery.

**Building and Loan Association Mortgage—Invalid Contract.**

    A contract in a building and loan association mortgage to pay an additional rate of interest as indemnity for counsel fees and expenses, if mortgagee is compelled to go into court to recover, is invalid as against public policy.

Memorandum of decision.

Suit by an administrator to sell property to pay debts of the estate. The East End Loan Association held a mortgage on the property, and filed their answer and cross-petition, averring that it held a duly recorded mortgage on said property for $500; that mortgagee was in default for payment of dues, interest and premiums agreed to be paid therein; that the mortgagee had agreed in said mortgage, that if he became in default for any of said payments, the whole balance of the debt should become due and collectible, and mortgagor became vested